[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 21, 2000, the plaintiff, Yelizaveta Shuster, filed a complaint, alleging in two counts that the defendants, Yale New Haven Hospital, Inc. and Yale-New Haven Health Services Corp., provided negligent medical care for her husband, Abraham Shuster, resulting in his death. The plaintiff further alleges that, as a result of her husband's death, she suffered loss of companionship, care and affection of her husband.
On August 1, 2000. the defendants filed a motion to strike the plaintiff's entire complaint, pursuant to Practice Book § 10-39, on the ground that a loss of consortium claim cannot be brought without a cognizable claim accompanying it.
As required by Practice Book § 10-42, the defendants filed a memorandum in support of its motion to strike, the plaintiff filed a timely memorandum in opposition, and the defendants filed a reply to the plaintiff's memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the: allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996).
The defendants filed a motion to strike on the ground that a loss of consortium claim cannot be brought without a cognizable claim accompanying it. In its memorandum in support of its motion to strike, the defendants argue that "because Connecticut does not allow a loss of consortium claim to be brought without a cognizable claim accompanying it," and the "[p]laintiff has not alleged any other cause of action save one for loss of consortium," the defendants' motion to strike should be granted. In addition, the defendants argue that because the plaintiff "has filed this suit in her individual capacity, no argument can be made that she has stated a claim for injuries on behalf of her husband."
The plaintiff responds in its opposition memorandum that "there is indeed, a corresponding claim for personal injuries from which [the] plaintiff's loss of consortium derives," and notes that the plaintiff "has filed a corresponding personal injury claim, namely, wrongful death, on behalf of her deceased husband," the matter of Yelizaveta ShusterAdministratrix of Estate of Abraham Shuster v. Yale New Haven Hospital,
Docket No. CV-00-04385705, which "is currently being litigated in this same court." CT Page 12601
The defendants respond to the plaintiff's memorandum in opposition that the "defendants' motion to strike is directed at this complaint, not any other," and that [n]o Connecticut court has ever held that the mere existence of a well pleaded, legally cognizable action can cure the legal infirmities of a subsequently and separately filed but legally deficient action."
"An action for loss of consortium, although independent in form, is derivative of the injured spouse's cause of action." (Internal quotation marks omitted.) Jacoby v. Brinckerhoff, 250 Conn. 86, 91-92, 735 A.2d 347
(1999). "[A] cause of action for loss of consortium cannot be maintained in the absence of a primary cause of action asserted by the injured spouse." Id., 90. A loss of consortium claim is "dependant for its assertion. on the legal viability of the cause of action in the injured party." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 564,562 A.2d 1100 (1989). In order to avoid multiple legal claims arising from a single act of negligence, "claims by spouses, whether for physical injuries or consortium losses, [should] be joined in one action and tried before a single trier of fact." Hopson v. St. Mary's Hospital,176 Conn. 485, 494, 408 A.2d 260 (1979).
Because the court in deciding the defendants' motion to strike is limited to the facts alleged in the complaint, this court is precluded from considering the plaintiff's other pending case, the matter ofYelizaveta Shuster, Administratrix of Estate of Abraham Shuster v. YaleNew Haven Hospital et al, Docket No. CV-00-04385705.
The complaint at issue alleges only the sole claim of loss of consortium, and to date, this claim has not been joined to a cause of action concerning the plaintiff's injured spouse. Accordingly, under the holdings of Jacoby v. Brinckerhoff, supra, 250 Conn. 90, and Hopson v.St. Mary's Hospital, supra, 176 Conn. 494, the defendants' motion to strike is granted.
Howard F. Zoarski Judge Trial Referee